### McLANE and another *v.* LEICHT, Jr.

*(Circuit Court, S. D. Iowa. June Term, 1886.)*

1. REMOVAL OF CAUSE—PETITION FOR REMOVAL, BASIS OF JURISDICTION—PLEADINGS.

On a motion to remand a cause to the state court from which it has been removed, the petition for removal is the basis for jurisdiction; but when the petition fails to state all the facts of jurisdiction, and refers to the pleadings in the state court for the same, the United States circuit court will look to them.

2. SAME—PLEADING—ALLEGATION OF MATTER OF LAW—IOWA PROHIBITION LAW.

Where the petition for the removal of a cause from the state court to the United States circuit court sets up that, prior to the late Iowa prohibition law, the defendant erected the building and established the plant in question, to be used in the sale of beverages such as at that time the law authorized and permitted, this is an allegation of matter of law, and not sufficient to give the United States circuit court jurisdiction.

In Equity.

*Newman & Blake*, for plaintiffs.

*P. H. Smyth & Son* and *S. L. Glasgow*, for defendant.

LOVE, J. This case is before the court upon a motion to remand to the state court. All motions to remand must be decided primarily upon the facts which appear upon the face of the record. But what is the record? Counsel seem to rely in part upon affidavits filed in the state court to support the motion for a temporary injunction, but such affidavits are manifestly no part of the record, so far as the motion to remand is concerned. This court has recently decided that the record is primarily the petition for removal, and secondarily of

the pleadings in the state court.   It is not the province of the plead-
ings in the state court to state the jurisdictional facts which author-
ize a removal of a cause to this court.   Indeed, it is quite foreign to
the purpose of the pleadings in the state court to set out and aver
such jurisdictional facts.   If by mere averment in the pleadings filed
in the state court the jurisdiction of this court could be defeated, any
party wishing to prevent a removal could accomplish his purpose by
the convenient means of averring certain jurisdictional facts wholly
immaterial to the cause in the state court, yet quite sufficient to re-
pel the jurisdiction of this court.   It is manifest that the petition for
removal must be the basis of jurisdiction here.   It must be taken as
*prima facie* true.   It may, with certain exceptions, aver the juris-
dictional facts to be contrary to the same as alleged in the pleadings
in the state court.   See *Clarkhuff* v. *Wisconsin, I. & N. R. Co.,* 26
Fed. Rep. 465.

When, however, the petition for removal fails to state explicitly all
the facts of jurisdiction, and refers to the pleadings for the same, the
court must needs turn its attention to that source to ascertain the
jurisdictional facts.   The averments of the petition for removal in
this case are that the amount in dispute is, exclusive of costs, the sum
or value of $500, and that the controversy in said suit involves ques-
tions "arising under the law and constitution of the United States."
We have here a distinct and explicit averment of one jurisdictional
fact, namely, that the matter in controversy is of the value of $500.
As to the allegation that the "controversy involves questions arising
under the constitution and law of the United States," it is no state-
ment of the existence of any fact whatever.   It is an allegation of
matter of law, not matter of fact.   I suppose, indeed, that the peti-
tioner so considered this averment, and intended that the court should
look to his answer filed in the state court to see whether or not, as a
matter of law, the "suit involves questions arising under the law and
constitution of the United States."

We must, then, look to the issues made by the pleadings to see
whether, in fact, they involve a federal question of which it is compe-
tent for this court to take jurisdiction.   If the answer alleged that the
defendant had purchased or erected property and machinery prior to
the recent prohibitory legislation, for the purpose of carrying on the
business of brewing beer, which was then a lawful business, and that
the present proceeding in pursuance of the recent state legislation
aimed to deprive him of the use of his property for that purpose, and
thus destroy its value without compensation, the case would be within
the decision of Circuit Judge BREWER in *State* v. *Walruff,* reported in
26 Fed. Rep. 178; and since we are bound here to follow that case,
without respect to our own views, the motion to remand would be
overruled if the answer contained substantially that allegation.   But
the answer makes no such averment of jurisdictional facts.   Indeed,
it seems to have been drawn by the pleader with the purpose of avoid-

ing that issue. It avers that the defendant, prior to the late prohibitory legislation, erected the building, and established the plant in question, for the express purpose of being used for the sale of beverages such as the law at that time authorized and permitted; that said premises were erected and fitted up, at great expense, and adapted to said particular use; and, further, that before the enactment of said law the defendant, with a view to the use hereinbefore described, purchased said property at a cost of $13,000, to be used by him in a business at that time authorized by the law of said state. It is apparent that the pleader studiously avoids stating the particular use for which the building was erected, and the kind of plant established before the prohibitory legislation. If it was for the manufacture and sale of such intoxicants as wine and beer, the use was lawful, and the property used just as rightful, in a legal sense, as any other kind of property; but if it was for the manufacture and sale of whisky, brandy, and the like, then the use was unlawful, and the plant not within the protection of the law as it existed at that time. It will not do for the pleader to make himself the judge as to whether the use to which the property was applied before the prohibitory legislation was lawful or unlawful, prohibited or not prohibited, by the evasive allegation that it was "erected and fitted up for the purpose of selling beverages at that time authorized and permitted by law." That is an allegation of matter of law, not matter of fact.

The facts of jurisdiction must be stated in order that the court may judge whether or not the property was erected and fitted up for a then lawful purpose. If the pleader had stated the fact to be that prior to the prohibitory legislation the property had been bought or erected, and fitted with proper machinery, for the manufacture of wine or beer, the court might say that the plant was established for a lawful purpose, and that the attempt to deprive the owner of the use of it for that purpose by retrospective law raised a federal question, within the guiding rule laid down in the case of *State* v. *Walruff*. But, on the contrary, if the averment was that the erection and plant were for the purpose of making and vending of such intoxicants as brandy and whisky, the court would be compelled to pronounce a wholly different judgment.

Upon the case as it stands, the averments in the record are insufficient to give this court jurisdiction, and the motion to remand must be sustained.